# EXHIBIT "A"

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

KELVIN RAMON CAPELLAN GONZALEZ,
*on behalf of himself and others similarly situated,*

Plaintiff,

-against-

SAVOI LATIN BISTRO INC., *and*
KIARA SARITA, *individually,*

Defendants.

Case No.: 23 cv 5285
(PKC)(TAM)

---

## SETTLEMENT AGREEMENT
## RELEASE OF CLAIMS

This Settlement Agreement and Release of Claims ("Agreement") is entered into by and between Plaintiff Kelvin Ramon Capellan Gonzalez ("Plaintiff" or "Releasor"), and Savoi Latin Bistro, Inc. (referred to as the "Company"), and any of its subsidiaries, successors, and assigns, and Kiara Sarita, individually (together with the Company, collectively referred to herein as the "Defendants" or "Releasees"), each jointly and severally.

WHEREAS, on July 11, 2023, Plaintiff filed the complaint in the captioned suit for damages in the United States District Court for the Eastern District of New York (the, "Court"), alleging claims for, among other things, unpaid wages and overtime compensation pursuant to the federal Fair Labor Standards Act and New York State Labor Law (the "Complaint"); and,

WHEREAS, the Defendants have contested the claims set forth in the Complaint and deny any and all liability; and,

WHEREAS, Plaintiff and the Defendants now desire to settle all claims and to resolve fully the dispute between them, without the time, uncertainty, and expense of further litigation; and,

1

NOW, THEREFORE, in consideration of the promises and mutual covenants set forth in this Agreement, the sufficiency of which is hereby acknowledged, Plaintiff and Defendants hereby agree as follows:

A. **Consideration**

1. In exchange for the promises contained in this Agreement, and subject to Court approval of this Agreement, the Defendants, in accordance with the terms of this Agreement, shall pay to Plaintiff the following settlement:

   a. Defendant shall pay the sum of twenty-two thousand dollars ($22,000.00) in total ("Settlement Amount"). Defendants shall satisfy the Settlement Amount in sixteen (16) equal installments each in the amount of one thousand three hundred seventy-five dollars ($1,375.00). The first payment will be made within thirty (30) days from the court's approval of the settlement. Payments two (2) through sixteen (16) shall begin thirty (30) days after the First Payment and continue monthly. The sums will be collected on plaintiff's behalf and are to be payable to and delivered to "Cilenti & Cooper, PLLC, as attorneys", at 60 East 42nd Street, 40th Floor, New York, NY 10165. Defendants can, if they choose to, provide post-dated checks to be presented on or after the dates specified thereon or make earlier payments, at their option and without penalty.

   b. Cilenti & Cooper will issue an IRS Form W9 to the Defendants for the Settlement Amount.

2. So long as the terms of this Agreement are approved by the Court, the settlement payments described herein shall be paid to Plaintiff in exchange for Plaintiff's release of wage-related claims and other promises below, and in full and complete settlement all wage-

related claims between the parties, including any and all claims for attorney fees. The parties understand the settlement will be distributed as follows: Kelvin Ramon Capellan Gonzalez: $14,145; Cilenti & Cooper, PLLC: $7,072.50, in full satisfaction of attorneys' fees; and $782.50 in full satisfaction of costs. Cilenti and Cooper shall be solely responsible to distribute the correct amounts to the plaintiff as a proportionate share of each settlement payment.

3. Plaintiff and his counsel, Cilenti and Cooper, further agree that they will be responsible for any taxes, including any payroll taxes and income taxes, due on the payments pursuant to this Paragraph and agree to indemnify and hold harmless Defendants for any such liability with respect to such payments.

**B.     Penalty For Non-Payment**

In the event that the Defendants fail to make the settlement payments in a timely manner pursuant to this Agreement, Plaintiff shall provide notice of the default by email to Defendants' counsel. The Defendants will then have ten (10) calendar days from the date of receipt of such notice within which to cure the default. If Defendants fail to timely cure their breach, Plaintiff may apply to the Court, to restore the case to the active calendar with the provision that Defendants will have a credit / set off for any payment(s) made under this agreement.

There shall be a thirty dollar ($30.00) fee for checks returned for insufficient funds.

**C.     Release:**

In consideration for the payments provided for in this Agreement, Plaintiff hereby irrevocably and unconditionally waives, releases and forever discharges Defendants/Releasees and all of their related and/or affiliated companies, partners, and constituent agencies, their employees, agents, shareholders, attorneys, owners, officers, directors, managers, trustees, insurers, predecessors, successors, assigns, divisions, affiliates, parents, subsidiaries, and fiduciaries and

administrators, from any and all claims arising out of or related to those matters that are the subject of the above-referenced lawsuit, *i.e.*, The Fair Labor Standards Act and the New York Labor Law, and in particular any claim for unpaid wages, minimum wages, overtime compensation, spread of hours premiums, liquidated damages, statutory penalties, and other related penalties, as well as all associated attorneys' fees and costs.

**D.   Agreement To Refrain From Filing or Joining Claims**

Plaintiff represents that he is not currently participating in any other proceeding pending against any of the Defendants, except the federal Complaint released herewith. Plaintiff also agrees not to bring any lawsuit or initiate any proceeding for any claim waived in any paragraph of this Agreement, and agrees, further, not to permit anyone else to do so on his behalf, to the maximum extent possible under applicable law.

**E.   Dismissal of the Complaint**

Within five (5) days after the first payment has been tendered, Plaintiff and Defendants, by their respective counsel, shall execute a Stipulation and Order of Dismissal, ("Stipulation") dismissing this action against the Defendants with prejudice but with the right to restore the case only in the event of non-payment. Pursuant to the Court's instructions, the parties agree to submit this Agreement, the Stipulation, and any associated material on the public docket for the Court's review and consideration for purposes of assessing the fairness of the Agreement's terms. The parties will ask the federal court to retain jurisdiction for purposes of enforcing this Agreement.

**F.   Representations and Acknowledgements**

1. Plaintiff and Defendants represent that they have consulted with an attorney prior to signing this Agreement and that this Agreement is the product of negotiations between the attorneys of the Parties. Plaintiff and Defendants further represent that:

(a) They have reviewed each and every provision of this Agreement;

(b) That this Agreement appears to them to have been written in a manner calculated to be understood by them;

(c) They in fact fully understand this Agreement, including the release of claims.

(d) Cilenti & Cooper have provided a legal translation or full explanation of the terms of this Settlement Agreement in Spanish and shall solely assume all liability if Plaintiff at any time asserts claims to have not understood the terms of this Settlement Agreement and Release of Claims.

2. The Parties also represent that they voluntarily and knowingly enter into this Agreement of their own free will.

G.  **Non-Admissions**

1. Plaintiff agrees that the Defendants are entering into this Agreement solely for the purpose of avoiding the burdens and expenses of protracted litigation. Plaintiff understands that by entering into this Agreement, the Defendants do not acknowledge or admit in any way that Plaintiff's claims in the Complaint have any merit, or that the Defendants engaged in any wrongdoing against Plaintiff or violated any federal, state or local law, statute, order, ordinance, rule, regulation, or contract or common law requirement, duty, or obligation.

2. Whether or not this Agreement becomes effective, neither this Agreement, nor any exhibit, documents, or instrument delivered hereunder, nor any statement, negotiations, transactions, or proceedings in connection therewith, shall in any event be construed as, or be deemed to be, or be offered by Plaintiff in any action or proceeding of any kind as evidence of: (a) an admission or concession on the part of the Defendants of any liability or wrongdoing or of any violation of any federal, state, or local statute, rule, regulation or principle of common law or equity; or (b) an admission or concession on the part of the Defendants that Plaintiff suffered any damage. Additionally, Plaintiff agrees that nothing in this Agreement may be used by either party in any proceeding of any kind for any purpose of any kind, except to enforce its terms.

H. **Attorneys' Fees and Costs**

The Parties are responsible for their own attorneys' fees and costs in connection with this matter. In the event either party brings an action to enforce the terms of this Agreement, the prevailing party shall recover the costs and reasonable attorneys' fees from the other party.

I. **Complete Agreement**

This Agreement constitutes the full and complete agreement between the Parties and fully supersedes any and all prior agreements, commitments or understandings between the Parties pertaining to the subject matter thereof.

J. **Additional Terms**

1. This Agreement is made and entered into in the State of New York and shall in all respects be interpreted, enforced and governed under the laws of said State. The Parties hereby consent to the jurisdiction of the United States District Court for the Eastern District of New York in connection with any dispute concerning this Agreement.

2.  The language of all parts of this Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against either party, regardless of who drafted it.

3.  Should any provision of this Agreement be declared or determined by any court of competent jurisdiction to be illegal or invalid, the remainder of this Agreement shall remain fully enforceable.

4.  This Agreement, including this paragraph, may not be altered in any respect except by a writing duly executed by the parties or authorized representatives of the Parties. This Agreement may not be modified orally.

5.  This Agreement may be executed on multiple counterparts, each of which shall be considered an original but all of which will constitute one Agreement. Scanned, pdf, and/or facsimile signatures will be recognized with same force and effect as originals.

**THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE SETTLEMENT AGREEMENT AND RELEASE. THE PARTIES HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.**

**HAVING ELECTED TO EXECUTE THIS SETTLEMENT AGREEMENT AND RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH ONE ABOVE, PLAINTIFF FREELY AND KNOWINGLY, AND AFTER DUE CONSIDERATION, ENTERS INTO THIS SETTLEMENT AGREEMENT AND RELEASE INTENDING TO WAIVE, SETTLE, AND RELEASE ALL WAGE-RELATED CLAIMS. THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.**

WHEREFORE, the parties hereto have read the foregoing Agreement and accept and agree to the provisions contained herein.

Dated: March 7, 2024

By the Plaintiff:

By: *(signature)*
Kelvin Ramon Capellan Gonzalez

On behalf of the Defendants:

By: *(signature)*
Kiara Sarita

Individually, and on behalf of
Savoi Latin Bistro, Inc.

**EXHIBIT "A"**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

KELVIN RAMON CAPELLAN GONZALEZ,
*on behalf of himself and others similarly situated,*

         Plaintiff,

-against-

SAVOI LATIN BISTRO INC., *and*
KIARA SARITA, *individually,*

         Defendants.

Case No.: 23 cv 5285
(PKC)(TAM)

STIPULATION OF
DISMISSAL

The matter in the above-captioned action having been amicably resolved by and between the parties, and the court having approved the settlement as a fair and reasonable, it is hereby stipulated and agreed, pursuant to Federal Rule of Civil Procedure 41(a)(2), that the case shall be, and hereby is, dismissed with prejudice and without costs or attorneys' fees against any party with the right to restore the case only in the event of default/non-payment.

Dated: New York City
    March 7, 2024

**CILENTI & COOPER, PLLC**
Attorneys for Plaintiff

_____
Peter H. Cooper, Esq.

**KIDONAKIS & CORONA, PLLC**
Attorneys for Defendants

_____
Zachary A. Westenhoefer, Esq.

So Ordered: _____, D.J.